IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY VANCE, GLENNDA VANCE, individuals,<br><br>    Plaintiffs,<br><br>v.<br><br>PINE MOUNTAIN CLUB PROPERTY OWNER'S ASSOCIATION, INC., a California corporation<br><br>    Defendant. | Case No. 1:04-cv-06035 TAG<br><br>ORDER TO APPEAR AND TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE ADMINISTERED FOR FAILURE TO COMPLY WITH COURT ORDERS<br><br>**APPEARANCE DATE:**   **December 2, 2005**<br>                                 **Time: 9:00 a.m.**<br><br>**APPEARANCE LOCATION:**<br><br>**United States District Court Courtroom**<br>**1300 18th Street, Suite A**<br>**Bakersfield, California**<br><br>**DATE TO SUBMIT WRITTEN RESPONSE TO ORDER TO SHOW CAUSE:**<br><br>**November 29, 2005** |

On December 10, 2004, the Court issued a Scheduling Conference Order setting deadlines for discovery and other matters, and setting dates for a Pretrial Conference and a Trial (the "Scheduling Conference Order"). (Court Doc.12). Paragraph 9 of the Scheduling Conference Order set a Pretrial Conference date of NOVEMBER 4, 2005 at 1:30 p.m. before the undersigned, at the United States District Court chambers at 1200 Truxtun Avenue, Suite 120, Bakersfield, California. Paragraph 9 of the Scheduling Conference Order also ordered that ten (10) days prior to the Pretrial Conference, the parties shall exchange the disclosures required pursuant to F.R. Civ. P. 26 (a)(3). Paragraph 9 of the

Scheduling Conference Order further ordered the parties to file a JOINT Pretrial Statement pursuant to Local Rule 16-281 (a)(2), and to submit as additional copy of their Joint Pretrial Statement on a 3 ½ inch computer disc formatted for WordPerfect 10. Finally, Paragraph 9 of the Scheduling Conference Order also directed counsel's attention to Rules 16-281 and 16-282 of the Local Rules of Practice for the Eastern District of California as to the obligations in preparing for the Pretrial Conference, and advised that: "The court will insist upon strict compliance with those Rules."

Plaintiffs Jerry Vance and Glennda Vance now represent themselves in this action, the Court having granted their counsel's motion to withdraw as attorney for plaintiffs. (Court Doc. 15). Defendant Pine Mountain Club Property Owners' Association, Inc. ("Pine Mountain Club") is represented by Attorney Michael T. Whittington. It appears to the Court that Plaintiffs Jerry Vance and Glenda Vance, and Defendant Pine Mountain Club and its counsel, Attorney Michael T. Whittington, have failed to comply with Paragraph 9 of the Scheduling Conference Order, for the following reasons:

1. The Court's docket sheet and records reflect that **no Joint Pretrial Statement has been filed with the Court**;

2. Plaintiff **Jerry Vance failed to appear at the Pretrial Conference on November 4, 2005**;

3. Defendant **Glennda Vance failed to appear at the Pretrial Conference on November 4, 2005;**

4. Defendant **Pine Mountain Club failed to appear at the Pretrial Conference on November 4, 2005;** and

5. Defendant Pine Mountain Club's counsel, **Attorney Michael T. Whittington, failed to appear at the Pretrial Conference on November 4, 2005.**

This Court's Local Rule 11-110 provides that " . . . failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have inherent power to control their dockets and "in the exercise of that power, they may impose sanctions." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).

Accordingly, it is HEREBY ORDERED that:

1. This matter IS SET FOR A SANCTIONS HEARING, at which **Plaintiff Jerry Vance, Plaintiff Glennda Vance, Defendant Pine Mountain Club, and Attorney Michael T. Whittington, ARE ORDERED TO APPEAR, on FRIDAY, DECEMBER 2, 2005, at 9:00 a.m.** before the Honorable Theresa A. Goldner, United States Magistrate Judge, in the United States District Court Courtroom at 1300 18th Street, Suite A, Bakersfield, CA, 93301, for consideration of sanctions for their failure to obey the Court's Scheduling Conference Order;

2. If any party or counsel has any reasons why sanctions should not be administered, he or she SHALL SUBMIT them by sworn declaration of facts no later than November 29, 2005; this declaration, to which any party or counsel may append a supporting memorandum of law, shall include (1) an explanation of the lack of activity in this case, and (2) shall list each specific step the parties plans to take to submit to the Court all documents in accordance with the provisions of Paragraph 9 of the Scheduling Conference Order, including Local Rules 16-281 and 16-282; and

3. In the event the parties or counsel submit a completely executed stipulation for dismissal of the entire case, delivered to the Court no later than November 29, 2005, the Court shall vacate the December 2, 2005 Order to Show Cause hearing.

IT IS SO ORDERED.

**Dated:   November 9, 2005**              /s/ Theresa A. Goldner
j6eb3d                                                  UNITED STATES MAGISTRATE JUDGE